Cite as 2019 Ark. 354

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| | **Opinion Delivered:** November 21, 2019 |
| IN RE AMENDMENT TO RULE 1.19-ARKANSAS RULES OF PROFESSIONAL CONDUCT | |

**PER CURIAM**

On December 15, 2016, we adopted Rule 1.19 of the Arkansas Rules of Professional Conduct, which addresses issues related to the maintenance of a client's file and rights and obligations to materials contained in the file. *In re Rule 1.19-Arkansas Rules of Prof'l Conduct*, 2016 Ark. 468 (per curiam). The new rule became effective on January 1, 2017. We now adopt minor changes to this rule to ensure that the language in Rule 1.19(b)(3) regarding the notice that must be provided to the client is consistent with subsection (b)(2). The revised rule is published below, with the changes set forth in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

## Arkansas Rules of Professional Conduct

**Rule 1.19. Client Files - Definition, Retention & Destruction.**

(a) *Client file - Definition and duty to provide copies of client-file documents to the client.* The use of the term "client" refers to both current and former clients.

(1) For purposes of these rules, the client file shall consist of any writings or property provided by the client to the lawyer and any documents, in paper or electronic format, that are the product of the lawyer's representation, including pleadings, correspondence, and other documents prepared or received by the lawyer in furtherance of the representation. Documents that have not been filed with a tribunal, delivered or served, or other documents drafted but unexecuted or undelivered that the client has explicitly paid for the drafting, creation, or obtaining thereof, including such items as transcripts, depositions, medical records, and reports of experts, shall be provided to the client as part of the file.

(2) The following records are not included in the client file, even if they are maintained by the lawyer in association with the representation and the client file, and such records are not ones to which the client is entitled to review or receive a copy:

(A) The lawyer's work product, which includes the documents the lawyer used to reach an end product of the lawyer's representation, the lawyer's notes, and preliminary drafts of pleadings and legal instruments;

(B) Internal memoranda prepared by or for the lawyer;

(C) Legal research materials prepared by or for the lawyer and factual research materials, including investigative reports prepared by or for the lawyer for use in the

representation, unless the material has been specifically paid for by the client or procured by the lawyer for the client's use;

(D) Documents such as internal conflict checks, firm assignments, notes regarding any ethics consultation, or records that might reveal the confidences of other clients.

(E) Items not included in the list of excluded items shall be considered to be part of the client file to which the client is entitled.

(3) Upon the client's written request in any format, the lawyer shall surrender the client's original file or a copy of the file, in paper or electronic format, to the client. Upon written authorization of the client, the lawyer shall surrender such file to the client's new lawyer. The lawyer may deliver a statement for costs of production to the client but may not withhold delivery of the client file pending payment.

(4) The cost of copying the file shall be the responsibility of the client. If the lawyer has in his or her possession client funds to be reimbursed for such copying cost, the lawyer may be reimbursed for such cost from the client funds held by the lawyer. A lawyer who has previously provided the client a copy of any part of the client file may charge the client for additional copies of the same documents. The client shall be responsible for the reasonable costs incurred in delivery, by mail or commercial-delivery service, of the client-file materials outside the lawyer's office. After delivery of the client file to the client or the client's new lawyer, the lawyer may deliver a statement of costs of copying of the file to the client but may not withhold delivery of the client file pending payment.

(5) If the lawyer provides the original client file to the client, the lawyer may, at no cost to the client, retain copies of all documents within the lawyer's file for the lawyer's purposes.

(6) The terms and conditions of the allocation of copying and delivery costs involved in the client file may be fixed by a written agreement between the client and the lawyer at the inception of the representation.

(b) *Client file retention and destruction.*

(1) A lawyer shall take reasonable steps to maintain the client's file in paper or electronic format for five (5) years after the conclusion of the representation in a matter.

(2) At any time following the expiration of five (5) years following the conclusion of the representation in a matter, a lawyer may destroy the client's files related to the matter, provided the lawyer has made reasonable efforts to provide notice to the client.

(3) The providing to the client of the lawyer's file-retention-and-destruction policy in any writing, including an engagement letter or agreement or termination of representation letter, shall satisfy the notice requirement of this rule.

(4) Notwithstanding subparagraphs (1), (2), and (3), a lawyer in a criminal matter shall maintain the client's file for the life of the client if the matter resulted in a conviction, by plea or trial, and sentence of death, natural life, or life without parole, unless the client's file is turned over to some appropriate, permanent central-file repository that maintains such criminal case files in compliance with this rule.

(5) This rule does not supersede or limit a lawyer's obligations to retain or destroy contents of a client's file as otherwise imposed by law, court order, or rules of a tribunal.

**Comments:**

[1] The Court has adopted a rule regarding the client file that generally follows the "end product" approach as discussed in *Travis v. Committee on Professional Conduct*, 2009 Ark. 188. In this new rule, the Court has endeavored to balance the needs and interests of the client with the obligations and burdens that may be placed on the lawyer and attempted to give basic guidance that will be used to allow the client and the lawyer to resolve any issues or disputes that may arise in these areas without resort to the courts or other agencies. This rule does not attempt to address all scenarios that may arise, especially in the area of whether the client has paid any, some, or all fees and costs incurred or charged by the lawyer, recognizing the differences between engagements where the fee is contingent, hourly, fixed, or otherwise based.

[2] At the beginning of representation and in writing, the lawyer should inform the client of the client's rights regarding the client file, including any potential charges that may be associated with the lawyer's providing the client with a copy of the client file or duplicate copies of client file materials.

[3] This rule is not intended to impose an obligation on a lawyer to preserve documents that the lawyer would not normally preserve, such as multiple copies or drafts of the same document. A client's file, within the meaning of this rule, consists of those things, such as papers, writings, electronic data, and property relating to the representation.

Although the client file includes the client's "property," the lawyer's obligations with respect to some client "property" items are distinct and governed by Arkansas Rule of Professional Conduct 1.15.

[4] The lawyer may comply with this rule by maintaining the client's files in, or converting the files to, electronic form, provided the lawyer is capable of producing a paper version if necessary. In certain criminal matters, the lawyer is required to maintain the client's file for an extended period of time, and maintaining the file in its original format may become impracticable.

[5] This rule does not affect the lawyer's obligation under Rule 1.16 of the Arkansas Rules of Professional Conduct to surrender the paper and the property to which the client is entitled at the termination of representation or any obligation under Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal to provide existing copies of appellate briefs, trial records, or transcripts to convicted offenders.

[6] These rules do not supersede obligations imposed by other laws, court orders, tribunal or jurisdictional rules. These rules do not supersede specific retention requirements imposed by other rules or regulations, such as rules related to non-probated wills, certain trusts, and requirements to retain original signed documents for a period of time. If a document is subject to more than one retention requirement, the lawyer should maintain the document for the longest applicable period.

[7] Generally, this rule does not apply to lawyers employed by a private corporation or other entity as in-house counsel. Those lawyers are considered employees of the

corporation or entity, and the client's files are considered to be in the possession of the client and not the lawyer. In regard to lawyers employed by public defenders or legal-service organizations or governmental agencies to represent third parties under circumstances where the third-party client's files are considered to be files and records of the organization or agency, the lawyer must take reasonable measures to ensure that the client's files are maintained by the organization or agency in accordance with this rule.

[8] Lawyers are reminded that there is no statute or rule of limitation relating to when an attorney-discipline complaint or charge may be filed or time-barred, a factor that should be considered in a lawyer's determination of an appropriate file-retention-and-destruction period and policy.